## Thompson's Executor v. Thompson's Executor, et al.

(Decided October 16, 1913).

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Evidence—Admissions.—In a suit by remaindermen against an executor to recover from the estate in his hands certain funds that the deceased, who had a life interest therein, had taken possession of, it was competent to prove admissions made by the deceased showing that she had the possession of the funds sought to be recovered.

2.    Evidence—Admissions Contained in Deposition.—Where a party, after giving a deposition, dies, admissions made by him in the deposition may be proven by the examiner who took the deposition and recorded the answers containing the admissions. If the examiner has no independent recollection of the deposition, he may refresh his recollection by reference to the answers recorded by him at the time.

3.    Limitation—Trust Fund—Life Tenant.—Where the trustee of a life tenant permits the life tenant to have and retain the possession of the trust fund, and the life tenant retains the same, the mere possession of the funds does not amount to a renunciation of the trust or start the statute of limitation to running as against the remaindermen, although they may have notice of the fact that the trustee has turned over the trust funds to the life tenant to be retained by her.

SAMUEL S. BLITZ for appellant.

C. B. SEYMOUR and BURNETT & BURNETT for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Ella Thompson had a life estate in one-third of certain property, with remainder in fee in her two sisters. She died, and J. M. Chatterson qualified as executor of her estate. J. H. Thompson, the husband of Ella Thompson, was appointed trustee of the estate in which she had a life interest, and upon his death Gilbert C. Smith qualified as his executor. In 1911, and after the death of Mrs. Thompson and her husband, J. H. Thompson, the two surviving sisters of Mrs. Thompson, who were entitled to the fee in the estate in which she had a life interest, brought this suit against Gilbert C. Smith, executor of J. H. Thompson, seeking to recover from him certain specific trust funds to which they asserted title as remaindermen. In this suit Gilbert C. Smith, executor, made his answer a cross-petition against Chatterson, executor of Mrs. Thompson, and asked that Mrs. Thompson be required to satisfy any judgment rendered against J. H. Thompson's estate in the suit of the remaindermen.

Both branches of the case proceeded to judgment, and the remaindermen recovered a judgment against Smith as executor of Joseph H. Thompson for the following items: Merchants National Bank stock, $60; distribution on capital stock of the Farmers Bank of Kentucky, $1,020; distribution on account of Oakland Plank Road Co., $176.50; proceeds of the collection of the note of James

Watson, $500; proceeds of the note of W. W. Daviess, $300; cash turned over to Joseph H. Thompson, trustee, by the Fidelity Trust Co., $121.94, making a total of $2,-178.44.

This recovery was based upon the grounds as stated in the judgment "that Hilton Collins and Isabell Gilbert, as survivors of Mrs. Thompson, deceased, upon her death in November, 1910, became vested with an absolute fee simple title to all of the estate devised and bequeathed for the benefit of Mrs. Thompson under the will of Isabel Barnes, deceased, and it appearing to the court that Joseph H. Thompson at the time of his death was the trustee of said trust estate, and that his estate has not accounted to the plaintiffs for the items of said trust estate hereinafter mentioned, it is now further considered, ordered and adjudged that the plaintiffs recover of Smith, executor of Joseph H. Thompson, the foregoing sum." Thereupon Smith, as executor of Joseph H. Thompson, was given a judgment on his cross-petition against Chatterson, executor, for $2,093.50. It will be observed that there is a slight discrepancy between these judgments, but that is not material to the issues here involved.

Chatterson, as executor, on this appeal asks a reversal of the judgment against him in favor of Smith, executor, upon the ground that the evidence did not show that there came into the possession of Mrs. Thompson, or that she had at the time of her death, the items of trust fund mentioned in the judgment, and upon the further ground that the claim for the recovery of these trust funds asserted against her estate was barred by the statute of limitation. It is further contended that certain admissions of Mrs. Thompson, tending to show that she came into the possession of and had the trust funds sued for, were not competent evidence for Gilbert C. Smith, executor.

To authorize the recovery obtained by Smith, executor, against Chatterson, executor, it was necessary that Smith should show that the funds sought to be recovered were in the control and possession of Mrs. Thompson and not in the control and possession of her trustee, J. H. Thompson and suit of Smith as his executor against Chatterson, as executor of Ella Thompson, his wife proceeded upon the theory that although J. H. Thompson, as trustee, was liable to the remaindermen for the trust

funds, yet his wife's estate should be required to account for this fund, as it was delivered to her by him as trustee.

It appears from the record that Joseph H. Thompson was appointed trustee in 1898, and upon his appointment executed a receipt to the Fidelity Trust Company showing the delivery by it of the items of trust fund here involved. Joseph H. Thompson died in 1905, and after his death Charles Leathers was appointed as trustee of Mrs. Thompson, who died in 1910. We think the weight of the evidence shows that this trust fund was retained by Mrs. Thompson, in whose possession it was at the time Joseph H. Thompson was appointed her trustee, and that no part of it ever came into his possession, or into the possession of Leathers, his successor as trustee.

Leathers testified that he was appointed trustee of Mrs. Thompson on her petition, but that he never had the possession of any part of the trust estate except some dividends which were paid to him and which he immediately placed to her credit.

It appears that in a suit she had with Smith as executor of her husband, and in which there was involved either directly or indirectly this trust fund, she gave her deposition, and in the course of it made a number of admissions tending to show that she and not her husband had and retained the possession of this trust fund. In the litigation now before us the examiner who took the deposition of Mrs. Thompson was allowed to testify as to the admissions made by Mrs. Thompson, and one of the principal contentions of counsel for Chatterson on this appeal is that the admissions made by Mrs. Thompson in that deposition were not competent evidence against her executor, Chatterson.

It seems to us that there can be no serious question that these admissions made by Mrs. Thompson were competent in this litigation to show who had possession and control of the trust fund. If Mrs. Thompson had told A, B or C that she had at all times the possession and control of this fund, it could not be doubted that A, B and C would be competent witnesses in this litigation to prove these admissions. Mrs. Alvey took the deposition of Mrs. Thompson in which the admissions were made, and reduced it to writing, and Mrs. Alvey testified that Mrs. Thompson made the statements appearing in her deposition. Although Mrs. Alvey did not have any particular independent recollection of these statements, it was proper to permit her to refresh her memory from

an examination of the deposition of Mrs. Thompson, and to testify, after so refreshing her memory, that Mrs. Thompson made the statements appearing in her evidence. The fact that these admissions were made by Mrs. Thompson in a deposition is wholly immaterial so far as the competency of the admissions is concerned. The important consideration is whether she made the admissions; when or where or how she made them is not a matter of much consequence. That she made them is not disputed.

Another contention of counsel for appellant is that the claim sued on is barred by the five year statute of limitation. The argument in favor of this proposition is that as this trust fund, according to the evidence for appellee, came into the possession of Mrs. Thompson more than five years before the institution of this action to recover it, the retention of the possession was a renunciation of the trust by Mrs. Thompson and an assertion of complete ownership in her. It is further said that Smith, the executor of J. H. Thompson, had notice of the fact that this fund was in the possession of Mrs. Thompson, and the statute commenced to run as against him when he came into the possession of this information.

As we look at the matter, there is no merit in this plea of the statute. It is not material when Mrs. Thompson took possession of this fund, or when Smith discovered that fact. The statute did not begin to run during Mrs. Thompson's lifetime, as her holding of the fund was not hostile to the rights of the remaindermen. Mrs. Thompson was entitled to the income of this fund during her life, and the circumstance that the trustee saw proper to let her keep possession of the principal so that she might better collect the income, did not have the effect of putting into operation a statute that would defeat the remaindermen when they became entitled to the fund.

The case of Yeager v. Bank of Kentucky, 127 Ky., 751, is relied on by counsel for appellant, but the facts of that case are so very different from the facts of this that it is not controlling authority. In the Yeager case the life tenant sold to or through the Bank of Kentucky bank stock in which she had a life interest, thereby openly repudiating the rights of the remaindermen and asserting absolute dominion in herself, and the court held that the statute commenced to run against the remaindermen when notice of this sale was brought home to them. Say-

ing, "When it was sold, and the trustee had parted with her title thereto, and the stock had been transferred and delivered to the purchaser, there had been a breach of the trust, a renunciation thereof by the trustee, in which the bank joined, and a cause of action at once arose in favor of the remaindermen."

In this case there is no evidence of any renunciation of the trust by Mrs. Thompson, or other act indicating that she asserted absolute dominion over this trust fund. With the consent of the trustee she was merely permitted to hold the possession of the trust fund, and her holding was not adverse to the claim of the trustee or hostile to the interest of the remaindermen. Mrs. Thompson did not dispose, or seek to dispose, of any of the principal of the trust fund, only retaining the possession thereof.

The judgment is affirmed.